## City of Bloomington et al.
## v.
## Charles Blodgett.

*Municipal Corporations—Special Assessment—Excessive Levy—Remedies—No Jurisdiction in Equity—Injunction.*

1. A municipal corporation may proceed to assess and collect a special assessment based upon an estimate made in conformity with Secs. 20 and 21, Art. 9, Chap. 24, R. S., although such estimate may exceed the actual cost of the proposed improvement.

2. When it clearly appears that there has been an excessive levy, such excess becomes a legal defense, *pro tanto*, which may be interposed before the confirmation of the assessment, or when the collector applies for judgment against the property assessed.

3. All proper objections and defenses arising subsequently to the confirmation of an assessment may be set up when the collector seeks judgment.

4. A bill in equity does not lie to enjoin the collection of an excessive levy for a special improvement, there being an adequate remedy at law.

[Opinion filed February 17, 1887.]

Appeal from the Circuit Court of McLean County; the Hon. O. T. Reeves, Judge, presiding.

Mr. A. E. DeMange, City Attorney, for appellants.

A court of equity will never enjoin the collection of a tax

City of Bloomington v. Blodgett.

except when such tax is unauthorized by law or the property taxed is not subject to taxation; nor even in such cases without special circumstances showing that the collection of the tax would work irreparable injury or cause a multiplicity of suits. Cook County v. C., B. & Q. R. R. Co., 35 Ill. 460; McBride v. City of Chicago, 22 Ill. 574; City of Ottawa v. C. & R. I. R. R., 25 Ill. 29; Brown v. City of Chicago, Vol. 7, No. 2, N. E. Rep. 108; Moore v. Wayman, 107 Ill. 192.

A special assessment is a tax within the above rule. Cook County v. C., B. & Q. R. R., 35 Ill. 460, 467.

The amount of an assessment and all matters upon which appellee could have been heard in the trial for confirmation of the assessment, and, on application by the county collector for judgment against the real estate for a sale thereof, are *res adjudicata*. People v. Brislin, 80 Ill. 423; Andrews v. People, 84 Ill. 28, 33.

The court had no power to grant the relief sought by the amended bill. Starr & C. Ill. Stat., p. 2101, Sec. 224; Moore v. Wayman, 107 Ill. 192.

Appellee has an adequate remedy at law in assumpsit. Cook County v. C., B. & Q. R. R. Co., 35 Ill. 460, 467.

Messrs. BLANDES & NEVILLE, for appellee.

If appellee had paid the full amount of the assessment he would have been entitled to recover back the excess. Cooley on Taxation, 463.

Not having paid it, equity will not require him to pay more than his proportionate share of the cost, and will restrain appellants from clouding his title by sale to make the amount of the excess to which the city is not entitled. High on Injunctions, Secs. 372, 524, 525, *et seq.;* Chirstie v. Hale, 46 Ill. 117; Bennet v. McFadden, 61 Ill. 334; Groves v. Webber, 72 Ill. 606.

CONGER, J. This was a bill in chancery praying an injunction to restrain the City of Bloomington and the county collector of McLean County from advertising or selling certain real estate belonging to appellee, or otherwise attempting to

collect a special assessment of $132.50 levied upon town lots of appellee for the purpose of constructing a sewer in the City of Bloomington.

The bill alleged that an ordinance for the construction of such sewer was passed and commissioners appointed to report an estimate of its costs; that they made a report estimating the cost at $3,900, which was affirmed; that a petition was filed in the County Court for the appointment of commissioners to make a special assessment, which they did, and it was confirmed by the County Court.

That said commissioners assessed the city for public benefit, $1,611, and the balance of the $3,900 upon lot owners, assessing appellee's lots at $132.50; that afterward the contract for the construction of such sewer was let for $2,900, or about $1,000 less than the estimated cost and assessment; that the city had already collected from lot owners an amount which, if added to the amount assessed against the city, would exceed the entire cost of the sewer. By an amendment subsequently made, it was alleged that the proportional sum which appellee should pay upon his lots, taking the contract as the basis of the costs of the sewer, would be about the sum of $98.53, which sum appellee offered to pay, and prayed the balance should be enjoined.

The court below decreed that appellee pay to the clerk of that court, for the use of the city, the said sum of $98.53 with interest, and that as to the balance the injunction should be made perpetual.

It is clear that appellee should have some remedy to prevent the city from collecting from him the excess of the assessment over the true amount necessary for him to pay, as his proportion, as fixed by the commissioners, based upon the cost of the sewer.

We think it does not sufficiently appear from the allegations of the bill that appellee had no remedy at law.

The time when the contract was let and the appellee and others thereby apprised what would be the actual cost of the sewer is not stated in the bill.

If the excessive and unnecessary levy was known to appel-

lee at the time, or before the judgment of the County Court confirming the assessment of the commissioners, as provided in Secs. 30 and 31 of Art. 9, Chap. 24, R. S., he should then and there have made his defense.

If not known at that time, but the error is discovered at or before the time when the county collector applies to the County Court for judgment against the lots, at the time of applying for judgment against lands for taxes due the State and county, appellee may, at that time, make his defense under the provisions of Sec. 39, Art. 9, Chap. 24, R. S., for the reason that the objection would be based upon facts discovered after the original judgment confirming the assessment, and hence could not have been interposed as a defense at the time the assessment was confirmed.

The last clause of Sec. 39 is: "And, upon application for judgment upon such assessment, no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment or the application for the confirmation thereof."

The meaning of this clause is that all proper objections and defenses arising subsequently to the confirmation of the assessment, and which could not, therefore, have been interposed in that proceeding, may be set up when the collector seeks a judgment; that the confirmation of the assessment by the County Court is final and conclusive only as to all defenses and objections existing at that time.

The city may undoubtedly proceed to assess and collect special assessments based upon the estimate made in conformity with Secs. 20 and 21, Art. 9, Chap. 24, although such estimate may exceed the actual cost of the proposed improvement; hence, so long as it is not known that such assessment is too large no one would be permitted by the County Court, either when confirming the assessment or in rendering the judgment upon which the lands are to be sold, to interpose as a defense the mere possibility that the assessment may ultimately prove larger than is needed.

But, from the moment that it clearly appears there is an excessive levy, either from letting the contract for the pro-

posed work, or otherwise, we think such excess should not be collected, and becomes a legal defense, *pro tanto*, which the County Court should recognize, as, arising at the time, it can be shown in the manner above stated that the levy is excessive and unnecessary.

It does not appear from the bill whether final judgment had been rendered at the time of filing the bill, or not, although from the time of its filing we should infer that such judgment had not been rendered, and if so, appellee had a complete remedy at law, and would have no standing in a court of equity.

The decree of the Circuit Court was erroneous, and will be reversed and the cause remanded.

*Reversed and remanded.*