CHARLES W. BOYNTON

*v.* .

THE PEOPLE *ex rel.* Charles Kern, Collector.

*Filed at Ottawa January 20, 1896.*

1. SPECIAL ASSESSMENTS—*failure of city to acquire title to the property—application for judgment.* Upon application by the collector for judgment for a delinquent special assessment for a sidewalk, objection that the land whereon the walk is laid is still the private property of the objector, and that the city has taken no steps to acquire the title, will not avail where it appears the property assessed has received all the benefits of such improvement.

2. SAME—*pay for land not involved in application for judgment.* The question of the right of the owner of property assessed to receive pay for land whereon a sidewalk was built, does not arise in a proceeding by the collector to obtain judgment for the assessment levied for such walk. The law affords a proper remedy for such compensation.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

This is an appeal from the order or judgment of the county court of Cook county for the sale of a lot of appellant, delinquent for the non-payment of a special assessment levied on said lot for the construction of a cement sidewalk on both sides of Michigan avenue, from Fifty-fifth street to Sixty-third street.

Two objections were filed to the rendition of judgment. The first of these it will be unnecessary to mention. The second was as follows: "The land upon which the said improvement was proposed to be constructed was not, at the time of the filing of the petition, dedicated to public use, nor had it been condemned therefor; nor has said land since been dedicated or condemned for public use, nor have any steps been taken to acquire the same by the city of Chicago, and said premises upon which the said improvement has been made was, and still is, private property."

Along with the objections there was submitted to the
court a stipulation containing the following agreed state-
ment of facts : "That the objector, Charles W. Boynton,
is the owner in fee simple of lot 13, in Nash, Gray &
Rankin's subdivision of the south twenty-seven acres of
the south-west quarter of the south-west quarter of sec-
tion 15, township 38 north, range 14, east of the third
principal meridian; that said premises abut upon Michi-
gan avenue, between Fifty-fifth and Sixty-third streets;
that said street in front of the property of said objector
is laid out and is sixty-six feet wide, and no more ; that
said premises of said objector out to the line of said Mich-
igan avenue, as platted sixty-six feet wide, are now in
the possession of the said Charles W. Boynton, and were
fenced in and in his possession at the time the assessment
No. 16,258 was first levied by the city of Chicago; that
the ordinance upon which the said assessment was based
provided for the construction of a cement sidewalk ex-
tending through and upon a strip of the objector's prop-
erty seventeen feet wide, running parallel to and abutting
upon said Michigan avenue; that said special assessment
was afterwards, to-wit, on the 12th day of April, 1893,
confirmed by the county court of Cook county, and that
thereafter, pursuant to said ordinance and said assess-
ment, the said city of Chicago let the contract for con-
structing the improvement above described, and that the
contractor to whom said contract was let afterwards
broke down the fence and laid down a cement sidewalk,
pursuant to said ordinance and said assessment, upon the
strip of land above described, which is and was the prop-
erty of said objector and was in his possession at 'that
time; that the said city of Chicago has at no time taken
steps to acquire the title to said strip of private property,
and that said strip upon which said cement sidewalk has
been laid does not, and never did, belong to the said city
of Chicago, but is the private property of the said Charles
W. Boynton."

The court overruled the objections, and entered an order and judgment for the sale of the lot of appellant for the payment of the assessment levied upon it.

WILSON, MOORE & McILVAINE, for appellant:

After the passage of the general Incorporation act for cities in 1872, in cases arising thereunder all questions which might have been raised in an assessment case are *res judicata*, and cannot be raised on the application of the collector for judgment for delinquent taxes.   Starr & Curtis' Stat. chap. 24, art. 9, par. 155 ; *Murphy* v. *People*, 120 Ill. 234.

Everything which shows that the tax or assessment ought not to be collected, and which, by reason of the statute and the decisions of this court, cannot be raised upon the hearing of the assessment case, can be urged as a defense upon the application of the collector.   *Bloomington* v. *Blodgett*, 24 Ill. App. 650.

The objection raised by the appellant in the lower court could not have been raised upon a hearing in the assessment case, as has been repeatedly decided by this court.   *Holmes* v. *Hyde Park*, 121 Ill. 128; *Lehman* v. *Lake View*, 131 id. 388 ; *Goodwillie* v. *Lake View*, 137 id. 51.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation Counsel, for appellee:

The return made by the county collector to the county court as a basis for his application for judgment is *prima facie* evidence that the amounts are due as therein claimed, and the *onus* is on the objector to show their invalidity. *Pike* v. *People*, 84 Ill. 80; *Brackett* v. *People ex rel.* 115 id. 29.

A sworn return by the collector, with proof of publication, makes a *prima facie* case upon which he is entitled to judgment, unless cause is shown to the contrary.   *Mix* v. *People*, 81 Ill. 118; *Durham* v. *People*, 67 id. 414; *People* v. *Givens*, 123 id. 352.

Upon such a return the court will not look beyond the record to facts contradictory of the return. *Hosmer* v. *People*, 96 Ill. 58.

A valid assessment once made is a lien, and can only be discharged by payment of the assessment. *People ex rel.* v. *Atchison*, 95 Ill. 452.

A bill in chancery would lie to enjoin the assessment proceedings until the title should be acquired. *Burhans* v. *Norwood Park*, 138 Ill. 147; *Goodwillie* v. *Lake View*, 137 id. 51.

Mr. JUSTICE BAKER delivered the opinion of the court:

This court has held in numerous cases that the owner of property specially assessed for a local improvement cannot, when application is made for confirmation of the assessment, interpose the objection that the municipal corporation has not acquired title to the ground or land upon which the improvement has been or is to be made. *Village of Hyde Park* v. *Borden*, 94 Ill. 26; *Holmes* v. *Village of Hyde Park*, 121 id. 128; *Hunerberg* v. *Village of Hyde Park*, 130 id. 156; *Leman* v. *City of Lake View*, 131 id. 388; *Goodwillie* v. *City of Lake View*, 137 id. 51; *Burhans* v. *Village of Norwood Park*, 138 id. 147.

It is claimed by counsel for appellee, that upon an application of the county collector for judgment and an order of sale in the matter of a special assessment, the only questions that a court can try are those of jurisdiction and delinquency. On the other hand, counsel for appellant contend that, under the law as it now stands, everything which shows that a special assessment ought not to be collected, and which, by reason of the statute and the decisions of the courts, cannot be raised or heard at the time of the application for judgment of confirmation, can be urged as a defense upon the application of the county collector for judgment of sale, and proper relief granted by the court upon such application.

In regard to the return made by the collector when applying for judgment of sale, it is provided in the next to the last sentence of section 39, article 9, chapter 24, of the Revised Statutes, that "said report, when so made, shall be *prima facie* evidence that all the forms and requirements of the law in relation to making said return have been complied with, and that the special assessments mentioned in said report are due and unpaid." And the last clause in the section reads thus: "And upon the application for judgment upon such assessment no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment or the application for the confirmation thereof." The expression *"prima facie* evidence," in the first sentence, implies, *ex vi termini*, that the case made by the report may be rebutted, and it seems to be the necessary implication from and meaning of the last clause of the section, that any valid and lawful objection or defense there may be against the collection of the assessment, which could not have been interposed at the time of making the assessment or upon the application for confirmation thereof, may be availed of when the collector applies for an order of sale. Besides this, section 44 of the same article and chapter of the statute provides that the general revenue laws of this State, in reference to proceedings to recover judgments for delinquent taxes and the sale of property thereon, shall be applicable to proceedings to collect special assessments. And section 191 of the Revenue law provides that when the county collector makes an application for an order of sale for delinquent taxes, "if defense (specifying, in writing, the particular cause of objection,) be offered by any person interested in any of said lands or lots to the entry of judgment against the same, the court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be."

In cases which have arisen under prior statutes in regard to special assessments, where provision was made that the owner of the land assessed might make defense, this court uniformly held that any defense might be made which would show that the assessment ought not to be collected, and in several of these cases the court used the strong expression that "less than this would be but a mockery of justice." (*Pease* v. *City of Chicago*, 21 Ill. 500; *City of Chicago* v. *Burtice*, 24 id. 489; *Foss* v. *City of Chicago*, 56 id. 354; *Creote* v. *City of Chicago*, id. 422.) There is a marked difference between the law as it stood at the time of these decisions and as it now stands, in this : that under the statute now in force, as we have already seen, no defense or objection can be made or heard, when the county collector applies for judgment, that could have been made or heard in the proceeding for the making of the assessment or at the time of the confirmation thereof. But, as we have also seen, a defense that the city or village has not acquired title to the premises on which the improvement is, or is to be, located, cannot be made or heard in the proceeding for confirmation.

It is claimed by appellee that in case of an objection such as appellant here urges, the remedy, if one exists, is by bill in chancery, and *Holmes* v. *Village of Hyde Park*, *supra*, *Goodwillie* v. *Village of Lake View*, *supra*, and *Burhans* v. *Village of Norwood Park*, *supra*, are cited as authorities in that behalf. Those were all cases of applications for judgments of confirmation—not applications by county collectors for orders of sale. It is strongly intimated in those cases that where the municipal corporation cannot or will not acquire title, and the assessment is or will be expended without corresponding benefit, the owner of the property assessed is entitled to relief. It was held in each case, however, that that was not a matter proper for consideration in the application for confirmation of the assessment made by the commissioners, and a further intimation was made, in announcing one or more of these

decisions, that in a proper case a court of equity would afford relief. But is the case before us a proper case for a bill in chancery? Clearly not, if there is an adequate remedy at law. Here, at the time appellant filed his objections in the county court, there, of course, had not been judgment for the sale of his lots, and the statute, and the law as announced in our former decisions, gave him an ample remedy, by way of objection or defense, to the application of the county collector for judgment and order of sale. In *City of Bloomington* v. *Blodgett*, 24 Ill. App. 650, it was held by the Appellate Court for the Third District that if it is clearly and certainly known, from letting the contract for the proposed work or otherwise, that there is an excessive levy, then there is a legal defense, *pro tanto*, as to such excess, which should not be collected, and that such defense may be made in the proceeding by the collector for judgment under the last clause of section 39 of article 9 of the Cities and Villages act, and that prior to the rendition of final judgment of sale there is a complete remedy at law, and the owner of the property assessed has no standing in a court of equity. That decision, as we think, announces sound doctrine.

In our opinion, however, the facts that appear in the stipulation here in evidence do not make out a defense against the collection of the assessment. The report returned by the collector made out a *prima facie* case that the special assessment levied on appellant's lot was due and unpaid. The burden of establishing a defense was imposed upon appellant. This he did not do. A sidewalk was in fact built by the city as required by the ordinance, and appellant's premises have all the benefits and advantages of such sidewalk. Appellant and all the other lot owners whose property was assessed for the construction of the sidewalk have and enjoy the improvement that their property was assessed to pay for, and neither he nor they can justly claim to be relieved from payment of the benefits assessed against such property.

Appellant has received full consideration for the assessment levied on his lot, and the question whether he has received, or is entitled to receive, compensation for the strip of ground upon which the sidewalk is placed is not involved in this litigation. If he is entitled to compensation the law will afford him a remedy.

There being no error in the record the order and judgment of the county court are affirmed.

*Judgment affirmed.*