THE PEOPLE *ex rel.* McCornack, County Treasurer,

*v.*

CAROLINE McWETHY.

*Filed at Ottawa November 9, 1896—Rehearing denied March 6, 1897.*

1. JUDGMENTS AND DECREES—*a judgment cannot be set aside after term.* A valid judgment is binding upon the parties and upon the court, and cannot be set aside at a subsequent term except by the order of an appellate court.

2. SPECIAL ASSESSMENTS—*repeal of ordinance does not annul judgment of confirmation.* The repeal of an ordinance for a special assessment, pending an appeal from a judgment confirming it, does not justify the court in setting aside the judgment of confirmation at a subsequent term.

3. SAME—*when objection to judgment of sale for delinquent installment should be sustained.* An application for judgment of sale for a delinquent special assessment installment should be denied if the objector shows payment by him of prior installments, completion of the improvement and collection by the municipality of enough money on prior installments to pay the entire cost of the improvement and all expenses.

4. SAME—*objection that city has collected enough to pay for improvement may be made in the county court.* An objection to an application for judgment of sale for a delinquent assessment installment, that the city had collected enough on former installments to pay all costs of improvement and expenses, may be raised and determined in the county court.

5. SAME—*effect of statutory provision requiring excess of assessment to be refunded.* The provision of the statute (Rev. Stat. 1874, p. 239, sec. 47,) requiring the excess collected on assessment to be "refunded ratably to those by whom it was paid," does not justify a court in entering a judgment of sale for a delinquent installment when it appears that the proceeds of such installment are not needed.

6. TAXES—*application for judgment of sale for taxes—what makes a prima facie case.* The tax collector's sworn report of the list of delinquent lands, together with the proof of publication thereof and notice of application, makes a *prima facie* case on application for judgment of sale for delinquent taxes.

7. SAME—*objector must overcome prima facie case made by collector's report.* One objecting to the entering of a judgment of sale for a delinquent assessment must produce sufficient proof to overcome the *prima facie* case made by the collector's report, and raise a presumption that the allegations contained in his objections were true.

APPEAL from the County Court of Kane county; the Hon. M. O. SOUTHWORTH, Judge, presiding.

FRANK W. JOSLYN, State's Attorney, and FRANK G. PLAIN, City Attorney, (ALSCHULER & MURPHY, of counsel,) for appellant.

ALDRICH, WINSLOW & GEORGE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the final order of the county court of Kane county, refusing judgment, on the application of the county treasurer for a delinquent installment of a special assessment, against certain lots of appellee in the city of Aurora.

The city council on the 7th day of July, 1890, passed an ordinance for the construction of a system of sewers in district No. 1, West Aurora, to be paid for by special assessment. The special assessment was confirmed by the county court and certain property owners appealed to this court, where the judgment of confirmation was affirmed on January 18, 1892. (*Walker* v. *City of Aurora*, 140 Ill. 402.) After the judgment of confirmation was rendered and before its affirmance by this court, and on July 28, 1891, the city council passed another ordinance for the construction of a system of sewers in the same district and in some of the same streets embraced in the first ordinance, of similar size and character as the sewers provided for by the first ordinance, and, while the first ordinance was not expressly repealed, it was insisted below, and the county court held, that it was repealed by implication, and refused to render judgment for the fourth installment of the assessment levied under it, the previous installments having been paid. After this court had affirmed the judgment in the *Walker case*, on February 2, 1892, the city council repealed the second ordinance and proceeded to let the contracts for the construction of, and to construct, the sewers under the first ordinance

of July 7, 1890. The assessment was divided into five installments. The first three were paid, and the entire assessment having proved unnecessarily large, the fifth installment was remitted by order of the council, and the fourth being delinquent, application was made by the county treasurer for judgment and order of sale.

Many objections were filed in the county court, but all those insisted on here may be stated in two propositions: First, that the ordinance under which the assessment was levied was repealed by the subsequent ordinance of July, 1891, and that all assessments fell with the ordinance under which they were made; and second, that notwithstanding that the fifth installment was rebated the assessment is still excessive, and that more has already been collected of the first three installments than sufficient to pay for the whole system of sewers completed and all costs and expenses incurred in their construction, and that if the fourth installment were paid it would be the duty of the city to return it to those who paid it, and therefore no judgment should be rendered. The county court sustained the first objection and overruled the second.

In sustaining the first objection there was error. The judgment of confirmation of the assessment under the first ordinance was a final judgment, and remained in full force and effect notwithstanding the ordinance of July, 1892, and the court which rendered it could not set it aside or deny its binding force at a subsequent term, but the court, as well as the city and all parties to it, was bound by it. This question was fully considered and decided by this court in *McChesney* v. *City of Chicago,* 161 Ill. 110. See, also, *Keeler* v. *People,* 160 Ill. 179, and *People* v. *Green,* 158 id. 594.

Under assignments of cross-errors appellee questions the ruling of the court in overruling the second objection, and insists that that objection should prevail and the order refusing judgment should be sustained on that

ground.    The collector's sworn report of the list of de-
linquent lands, together with the proof of publication
thereof and notice of application, made a *prima facie* case,
upon which it was the duty of the court to enter judgment
unless good cause was shown to the contrary.    (*People* v.
*Givens*, 123 Ill. 352, and cases cited.)    Appellee assumed
this burden of proof, and undertook to overcome the case
made by the People by proof that there had been col-
lected from the first three installments $60,530.89, and
that, as appellee claims, the total cost of the improve-
ment was but $56,330.89, and hence, it is said, there is no
warrant in law for the collection of the fourth installment
or any further sum from the property owners.    The con-
tention on the part of the People is, in the first place,
that the county court has no authority to compel the city
to enter into a general accounting in such a proceeding,
to show what has been collected and how it has been dis-
bursed, and how much may be required to pay in full for
the improvement and the costs and expenses attending
the same, but it is claimed that a court of chancery is the
proper forum for such a proceeding; and it is further said
that the statute provides that "if too large a sum shall
at any time be raised, the excess shall be refunded rata-
bly to those by whom it was paid," (Rev. Stat. chap. 24,
art. 9, sec. 47,) and that the statute must govern, and if
too much money is collected to pay for the improvement,
the duty then devolves upon the city, after all legitimate
expenses have been paid, to refund the balance to the
tax-payers ratably, and that this duty can be enforced
by appropriate action.

We are inclined to the opinion that it would have been
a proper defense to prove that appellee had paid all prior
installments assessed against the property; that the work
had been completed, and that a sufficient amount had al-
ready been collected by the city on the first three install-
ments to pay the entire cost of it, and all the expenses,
and the cost of levying and collecting the assessment.

The amount to be raised by the special assessment proceeding is governed by the estimate of the cost of the work and expenses. The 20th section of article 9, making provision for ascertaining the amount to be raised, provides that the commission appointed for the purpose "shall make an estimate of the cost of the improvement contemplated by such ordinance, including labor, materials and all other expenses attending the same, and the cost of making and levying the assessment." The assessment could be made for no other purpose than that provided by the statute, and if the actual cost of the work proved to be less than that estimated by the commission, and a sufficient amount of the assessment has already been collected to pay such actual cost and all the expenses and the cost of levying and collecting the assessment, it is not easy to see why payment of the remainder of the assessment should be enforced. Under the statute it would become the duty of the city to return the surplus to those who paid it, as soon as received. Then why collect it? The law never requires the performance of a useless thing. It would be something worse than an idle ceremony, for if not paid the owner's property would be sold to pay what had proved to be an excessive levy, and which, when paid, must be returned. No earlier opportunity was afforded appellee to make this defense. Section 191 of the Revenue act provides, that "if defense (specifying, in writing, the particular cause of objection,) be offered by any person interested in any of said lands or lots, to the entry of judgment against the same, the court shall hear and determine the matter in a summary manner, without pleadings, *and shall pronounce judgment as the right of the case may be,*" and "shall give judgment for such taxes and special assessments and penalties as shall appear to be due;" and it further provided that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, *not affecting the substantial justice of the tax*

*itself,* shall vitiate or in any manner affect the tax or the assessment thereof." If appellee had paid her proportion as assessed against her lots, and the purpose of the assessment had been fully performed, there would remain nothing due for which to give judgment, and the court could not pronounce judgment according to the "right of the case," nor consider "the substantial justice of the tax itself," without pronouncing judgment in her favor and refusing an order to sell her property. In *City of Bloomington* v. *Blodgett,* 24 Ill. App. 650, it was held that in a proceeding of this character was the proper place to make such a defense, and that case was approved by this court in *Boynton* v. *People,* 159 Ill. 553. We cannot see that there would be any great difficulty in determining the question in the county court. When the work has been completed and the total cost and expenses have been ascertained, the municipal authorities would be fully prepared to furnish the desired information, and it is assumed they would willingly do so, and neither the property owner nor the collector would necessarily be put to any serious inconvenience in adducing the necessary evidence.

But it is pointed out that the proof adduced by the appellee does not show that sufficient has already been collected to pay for the improvement and all necessary expenses. Appellee did not prove that sufficient had already been collected to pay the cost of the improvement and all expenses attending the same, and the cost of making, levying and collecting the assessment, nor was such proof made as that, in the absence of any rebutting evidence on the part of appellant, the court could conclude that sufficient had already been collected without this fourth installment or to change the burden of proof in relation thereto. Appellee should at least have produced sufficient proof to overcome the *prima facie* case made by appellant and to raise the presumption that the allegations contained in his objections were true. (*Hutchinson* v. *Self,* 153 Ill. 542.) We cannot suppose, without

sufficient evidence, that the municipal authorities would endeavor to collect this fourth installment if the purpose for which it was levied had been fully satisfied by previous installments of the same assessment, especially when it is shown that they had remitted the fifth installment. Neither in the objections filed nor in the argument here is there any claim that a part, only, of the fourth installment should be collected, but the defense is that a sufficient amount was collected from the first three installments to *fully satisfy* the purposes of the assessment and that the collection of no part of this fourth installment is necessary, and counsel for appellee in their brief say: "If any part of the fourth installment was needed or necessary to complete the payments for that improvement we would not be before this court resisting payment." This statement accords with the issue made by the objections "specifying in writing the particular cause of objection," as required by the statute. This issue, and no other, should be re-tried.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*