CLANCEY J. DEMPSTER *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898.*

1. SPECIAL ASSESSMENTS—*non-existence of a street named is a valid objection to sewer assessment.* It is a valid objection to a sewer assessment that the street named does not in fact exist, the land having been in the objectors' exclusive possession for over forty years; but where the defect does not appear from the face of the ordinance the objection must be made on application to confirm.

2. SAME—*when equity will grant relief against assessment.* Parties induced to withdraw their objection to a sewer assessment, based on the ground that the street named did not exist, the land being in the objectors' exclusive possession, which withdrawal was induced by the city's promise to condemn, thus enabling the objectors to use the condemnation money to pay the assessment, are entitled to relief from the assessment upon the city's vacating the condemnation judgment and dismissing the proceedings after getting the assessment confirmed.

3. TAXES—*a tax may be enjoined on the ground of fraud by officials.* A tax by which the party assessed is, through fraudulent practices of the officials, deprived of important rights which the law secures him, may be enjoined.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

H. S. & F. S. OSBORNE, and ROBERT F. PETTIBONE, for appellants.

CHARLES S. THORNTON, Corporation Counsel, and WILLIAM H. SEXTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants filed their bill in the Superior Court of Cook county asking for relief against a special assessment alleged to have been vitiated by fraud, or for a performance of the agreement upon which the judgment

confirming the assessment was entered. Appellee demurred to the bill generally for want of equity on its face, and the demurrer was sustained and the bill dismissed.

The facts as stated in the bill and admitted by the demurrer are as follows: Complainants are owners, as tenants in common, of premises lying between Central Park avenue on the east and Lawndale avenue on the west, in the city of Chicago. On November 30, 1891, the city council of the defendant, the city of Chicago, passed an ordinance entitled "An ordinance for a connected system of sewers, as follows: In West Eighteenth street from Central Park avenue to Lawndale avenue, and in Millard avenue and Lawndale avenue from West Sixteenth street to Ogden avenue," to be paid for by special assessment. This ordinance was insufficient as a basis for a special assessment for the reason that there was no such street as West Eighteenth street between Central Park avenue and Lawndale avenue, but the entire premises between said avenues from Sixteenth street to Nineteenth street were private property of the complainants, in their sole and exclusive possession, and had been in such possession and that of their grantors for more than forty years. The ordinance did not, therefore, specify the locality of the proposed sewer, but, while regular and sufficient upon its face, it contained an impossible description of the same. Thereafter the defendant filed its petition in the county court of Cook county to have the cost of the proposed sewer assessed upon property benefited. Commissioners were appointed and an assessment roll was returned, assessing complainants' premises for benefits to the amount, in the aggregate, of $4470.75. Complainants appeared and filed objections to the assessment, including, with others, the objection above set forth. Thereupon the defendant, by its officers duly authorized, for the purpose of inducing complainants to withdraw their objections, entered into an agreement with them that a street should be laid out and opened

where it was proposed to lay the sewer; that the city would proceed immediately to condemn that part of complainants' premises taken for a street and pay complainants for the land taken, the value to be ascertained by condemnation proceedings; that complainants should have the use of the condemnation money to pay the special assessment, and, in order to allow them to receive the condemnation money for that use, the warrant for the collection of the assessment should be stayed until February 1, 1893, and that in consideration of this agreement complainants should withdraw their objections. On December 21, 1891, the city council passed an ordinance to lay out and open West Eighteenth street from Central Park avenue to Lawndale avenue, and on March 26, 1892, filed its petition for the condemnation of complainants' property to be taken for the proposed street. Complainants entered their appearance and paid or incurred large expenses for expert witnesses and attorneys' fees, and attended in court for two days while the case was on call for trial. Before the jury was empaneled an agreement was reached between them and the city on the amount of compensation to be paid. Thereupon the jury was empaneled and sworn, and the city produced and swore one of its expert witnesses, who testified that the land was worth $45 per front foot. Judgment was entered in accordance with this testimony and the agreement, May 25, 1892, for $5940 for the land to be taken. On May 26, 1892,—the next day after the entry of the judgment,— complainants, relying upon said agreement, withdrew their objections to the confirmation of the assessment, and judgment of confirmation was entered staying the warrant, according to the agreement, to February 1, 1893. The defendant entered upon the land of complainants and laid the sewer across it. Afterward, on January 23, 1893, shortly before the warrant was to issue for the collection of the special assessment, the city council repealed the ordinance laying out the street, and the corporation coun-

sel of the city thereupon dismissed the condemnation proceedings. The defendant then proceeded to enforce the judgment of confirmation and collect the special assessment.

The prayer of the bill is that the defendant be restrained from carrying out the judgment confirming the special assessment and that the same be declared no charge upon complainants' premises, or, in the alternative, that the defendant carry out its agreement under which the judgment was entered, and the complainants offer to the city a conveyance of the title which it would have acquired under the condemnation proceedings.

If a transaction such as is here detailed in the bill and admitted by the demurrer to be truly stated had taken place between two individuals, there could be but one voice concerning its character as a flagrant fraud, and equity would promptly afford relief to the injured party against any attempt to enforce the judgment. It is contended, however, that relief against the wrong inflicted must be denied in this case because the claim is for a tax, and because defendant is authorized by law to make a special assessment before condemning the land for public use, and complainants have a legal remedy to recover compensation for their land which has been taken. It has been settled by repeated decisions that the objection that a city has not acquired title to the land in which it proposes to put a sewer cannot be made in the assessment proceedings in the county court. (*Village of Hyde Park* v. *Borden*, 94 Ill. 26; *Holmes* v. *Village of Hyde Park*, 121 id. 128; *Maywood Co.* v. *Village of Maywood*, 140 id. 216.) The presumption of good faith on the part of a municipal corporation obtains, and it is presumed that it will proceed and obtain the property by condemnation. It is equally true that where the objection is that title to the property where the improvement is constructed has not been acquired, and there is no complaint further than mere delay in acquiring it, the objection can

not be made upon an application for judgment of sale. (*Boynton* v. *People*, 159 Ill. 553.) But while it is true that an objection that title has not been obtained cannot be interposed in the assessment proceeding, it was said in the case of *Holmes* v. *Village of Hyde Park, supra,* if it were made to appear that there was a probability that the village would not acquire title, a bill in chancery would lie to enjoin the assessment proceedings until such title should be acquired; and in the case of *Goodwillie* v. *City of Lake View*, 137 Ill. 51, the court said that if it was apprehended that the city could not or would not acquire title, it would not be doubted that a court of equity would afford adequate relief. An objection that the city had not acquired title to the property could not be made in the assessment proceedings, but in this case the objection was not merely of that nature. It was to the sufficiency of the ordinance—that there was no such place as was named in it. While the ordinance purported to give the location of the improvement, it was an impossible one, because there was nothing which answered the description of the ordinance. There was no place known as West Eighteenth street between Central Park avenue and Lawndale avenue, but the premises were in the exclusive possession of the complainants as their property, and there was nothing in the nature of a street there. This was a good objection to the application for confirmation of the assessment. Although the ordinance on its face specified the locality of the improvement, it could be shown by extraneous evidence that there was no such street as was named. In *Steenberg* v. *People*, 164 Ill. 478, it was held that where the ordinance was fair and legal on its face, giving a full and sufficient description of the locality of an improvement, although it could be shown that the description was a false one, the objection must be made on the application for confirmation, and could not be made on application for judgment of sale. This assessment could not be enforced, and, by withdrawing

their objections, complainants, through the agreement and representations of defendant or its officials, lost a substantial right. The law secures to them, as property owners, this important and substantial right of objection to the proposed assessment and to a hearing of the objection. This understanding was entered into by complainants, so far as appears, in good faith on their part, and after the defendant had obtained all the benefits of the agreement and had laid the sewer across their property the ordinance for laying out a street was repealed. This conduct, in violation of the agreement, warrants the inference that, having acquired possession, there is no intention of laying out a street, but a fraudulent design to disregard the agreement and enforce the assessment. The assessment is not a tax in the ordinary sense, but if it were, the rule is that a tax in which the party is deprived, by fraudulent practices of the officers, of important rights which the law intends to secure to him, may be enjoined. Cooley on Taxation, 547.

The complainants have no legal remedy to recover compensation for the land included in the street, which was abandoned and the ordinance repealed. The locality which is described in the ordinance as a street is not a street. The assessment could not be enforced against complainants under the ordinance, and the proceeding is shown by the bill to be vitiated by fraud, against which a court of equity should give relief. The bill showed good ground for setting aside the judgment of confirmation and restoring the parties to their original rights unless the agreement should be carried out by the defendant.

It was error to sustain the demurrer and dismiss the bill. The decree is reversed and the cause remanded.

*Reversed and remanded.*