THE PEOPLE *ex rel.* John R. Thompson, County Treasurer, Appellee, *vs.* NATHAN JUDSON *et al.* Appellants.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

1. SPECIAL ASSESSMENTS—*confirmation of a new assessment is conclusive that there is an unpaid balance.* A judgment confirming a new assessment is *res judicata* of the fact that prior to the confirmation there was an unpaid balance, and such fact cannot be questioned upon application for judgment of sale, although the objector may show that since the judgment of confirmation the assessment has been paid in whole or in part.

2. SAME—*when fact that city has collected sufficient money for improvement is immaterial.* Where a new assessment is confirmed against property not assessed in the original proceeding, the alleged

fact that the city has collected sufficient money under the original assessment to pay for the improvement is no defense to the application for judgment of sale, since if the property is benefited and was not assessed in the original proceeding, it is immaterial whether the new assessment is to pay a balance due the contractor or to pay a rebate to property owners who paid more than their just share of the original assessment. (*People* v. *McWethy,* 165 Ill. 222, and 177 id. 334, distinguished.)

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

GEORGE W. WILBUR, and IRA J. GEER, for appellants.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from the judgment and order of sale entered by the county court of Cook county, upon the application of the county treasurer, for a delinquent new special assessment levied under sections 57 and 58 of the Local Improvement act of 1897 for the unpaid balance of the cost of paving Irving Park boulevard from North Forty-eighth avenue to North Robey street. The purpose of the new assessment was to reach certain property which had not been assessed. The original ordinance was passed under article 9 of the City and Village act of 1872 and the original assessment roll was confirmed June 17, 1896. The ordinance under which the present assessment was levied was passed in 1902, for the purpose of paying a balance on completed work under sections 57 and 58 of the Local Improvement act of 1897. The new assessment was spread upon property which had not been assessed. The new assessment was confirmed in April, 1905. At the July term, 1907, application for judgment and order of sale for delinquent new assessment was made. Appellants' objections were over-

ruled and a judgment and order of sale entered, from which this appeal is taken.

Appellants' contentions may be summarized as follows: "Said ordinance is void for uncertainty, insufficiency and unreasonableness, and is otherwise incomplete and insufficient to support said assessment and this application for judgment against the property of objectors; said county court had no jurisdiction to confirm said special assessment against the property of objectors, and said alleged confirmation of said assessment against said property is illegal and void; sufficient money has already been collected to pay for said improvement, and there is no authority in the city of Chicago or in the county treasurer to collect other moneys therefor, or to render judgment therefor against the property of the objectors."

Under section 66 of the act of 1897 the judgment of confirmation is conclusive of all errors in the proceeding not affecting the power of the court to entertain and consider the petition therefor. (*Gage* v. *People,* 207 Ill. 377; *Wagg* v. *People,* 218 id. 337; *People* v. *Brown,* 218 id. 375; *Noonan* v. *People,* 221 id. 567.) Under the statute and numerous decisions of this court all objections raised or which might have been raised in the original or new assessment proceedings are *res judicata.*

Appellants contend that it may be shown, on application for judgment and order of sale, that there was no unpaid balance due upon the original assessment, and reliance is placed upon *People* v. *McWethy,* 165 Ill. 222, *Same* v. *Same,* 177 id. 334, and *Connecticut Mutual Life Ins. Co.* v. *People,* 172 id. 31. If the original assessment had been levied upon all the property benefited and had been paid in full by each property owner, manifestly there would be no basis for a new assessment upon the property. There would be no reason for collecting an assessment merely for the purpose of creating a surplus to be returned to the property owners who had paid it. The cases relied on merely

hold that under such circumstances a property owner who has paid his assessment will not be required to pay a new and wholly unnecessary assessment. Such defense, however, is not available to a property owner who has paid no part of the previous assessment. This is appellants' position in the case at bar. Appellants did not show that they had paid any part of the previous assessment. Whether the money arising from the present assessment upon the appellants' property is to be applied, when collected, in discharge of an unpaid balance due the contractors who did the work, or is to be distributed by way of rebate to other property owners who have paid more than their just share, is a matter of no concern to appellants. If appellants' property is benefited by the improvement and they have not contributed toward the expenses of such improvement, they ought in good conscience to be required to do so.

We are of opinion that the question now under consideration, in so far as it is sought to show that prior to the confirmation of the new assessment there was no unpaid balance, is conclusively settled by the judgment of confirmation. Of course, appellants might show, on application for judgment and sale, that the assessment had been paid, in whole or in part, subsequent to the confirmation; but where, as in the case at bar, it is contended that there is nothing due for which a second or new assessment can legally be levied, there is no reason why this matter should not be brought forward at the confirmation. Under the statute, a failure to raise this question at the time of confirmation precludes appellants from now contending that there was no balance for which the new assessment could properly be levied.

There is no error in the record. The judgment will therefore be affirmed.　　　　　*Judgment affirmed.*