## TOWN OF KETCHIKAN v. GREENBAUM.

(First Division. Ketchikan. November 18, 1915.)

No. 239–KA.

MUNICIPAL CORPORATIONS ⬯111(3)—LICENSES—TAXATION.

By ordinance the town of Ketchikan levied a license tax of $10 per day on itinerant peddlers and tradesmen and provided a penalty for its enforcement. The defendant was fined and appealed. *Held*, the statutes prescribing the powers of town councils in Alaska do not give to any town council power to raise revenue by the taxation of occupations or businesses; and the ordinance cannot be sustained without it may be done under the police power. It cannot be sustained under the latter, for it is unjust and unreasonable, and was evidently not enacted for the purpose of regulation.

Ordinance No. 97 of the town of Ketchikan is as follows:

"An ordinance providing for a license tax on transient business carried on within the town of Ketchikan.

"The common council of the town of Ketchikan does ordain:

"Section 1. That every person, persons, firm or corporation desiring to engage in any transient business or occupation hereinafter speci-

fied, within the town of Ketchikan, shall pay a license for the same, which license shall be in accordance with the schedule of charges hereinafter fixed in this ordinance: Provided, that this ordinance shall not apply to a business or occupation carried on in said town when the people engaged therein are permanently located or are owners of the same.

"Sec. 2. The said sum of money required for such license shall be paid to the clerk of said town, who shall thereupon issue a license therefor, subject to the approval of the common council, authorizing the carrying on of the business or occupation for which application is made.

"Sec. 3. The license for the carrying on of business or occupation within said town, as above provided, shall be as follows:

\*    \*    \*    \*    \*    \*    \*    \*    \*

"Itinerant peddlers or tradesmen who carry clothing, jewelry, pictures or any other kind of merchandise from house to house, $10.00 a day for each day.

\*    \*    \*    \*    \*    \*    \*    \*    \*

"Sec. 4. Any person, firm or corporation, who shall violate any of the provisions of the ordinance, shall be deemed guilty of a misdemeanor and upon conviction thereof before the municipal magistrate of the town of Ketchikan, shall be punished by a fine of not more than one hundred dollars and costs of prosecution, and in default of payment thereof shall be imprisoned in the municipal jail for one day for each $2.00 or part thereof."

A. Greenbaum was charged with a violation of the above-recited ordinance and was fined by the municipal magistrate of the town of Ketchikan in the sum of $50 and costs, amounting in all to $54. He duly appealed to this court, and on the trial herein it appeared from the evidence that defendant was guilty of a violation of the terms of the ordinance, but the point is made that the ordinance is invalid for the reason that the council had no power to pass such an ordinance, and that it is oppressive and unreasonable. Therefore the only question now before the court is as to the validity of the ordinance.

S. A. Plumley, of Ketchikan, for plaintiff.
Chas. H. Cosgrove, of Ketchikan, for defendant.

JENNINGS, District Judge. The statutes prescribing the powers of town councils in Alaska do not give to any town council power to raise revenue by the taxation of occupations or businesses. Town councils may levy poll tax; they may levy a dog tax; they may levy a tax upon real and personal property; but those are the only methods by which they may raise revenue. By the fourteenth subdivision of section 627

of the Compiled Laws of Alaska they are, however, given power "to take such action by ordinance, resolution, or otherwise, as may be necessary to protect and preserve the lives, the health, the safety, and the well-being of the people in the town." Thus it will be seen that, while the council has not the power to tax businesses or occupations, yet it has the general police power usually conferred upon municipalities. This ordinance, therefore, cannot be upheld as an exercise of the taxing power, and it must derive its validity if it has any validity, from the "police power." Now, when an ordinance licensing an occupation is authorized only in support of police supervision (as this ordinance is), the expense of such supervision determines the amount of the charge. Atlantic & Pacific Telegraph Co. v. Philadelphia, 190 U. S. 160, 23 Sup. Ct. 817, 47 L. Ed. 995.

The question, then, in this case is: Is $10 a day a reasonable license to be exacted of "itinerant peddlers or tradesmen who carry clothing, jewelry, pictures or any other kind of merchandise from house to house"? It would serve no good purpose to review the many authorities holding that such a license fee is unreasonable. In City of Carrollton v. Bazzette, 159 Ill. 284, 42 N. E. 842, 31 L. R. A. 522, the court say:

"A license fee of $10 for each day making no discrimination on account of the extent of the business, or the length of time during which it is carried on, would appear to be unnecessarily burdensome, in such a case, in general restraint of trade, and prohibitory of the business. The business of itinerant merchant would have to be much more remunerative than ordinary merchandising in small cities, to survive under a burden of this character, amounting to more than $3,000 per annum."

The language of the court in the case of Chaddock v. Day, 75 Mich. 527, 42 N. W. 977, 4 L. R. A. 809, 13 Am. St. Rep. 468, is very appropriate. There the court say:

"Nor can it be sustained under any claim of an exercise of the police power for the benefit of the public health, or in the preservation of good order in the community, as there is no showing * * * in the record that the by-law was passed for the benefit of the health of the people of the village, or in the maintenance of good order. * * * It is quite common in these later days for certain classes of citizens—those engaged in this or that business—to appeal to the government, national, state, or municipal, to aid them by legislation against another class of citizens engaged in the same business, but in some other way. This class legislation, when indulged in, seldom benefits the general public, but nearly always aids the

few for whose benefit it is enacted, not only at the expense of the few against whom it is ostensibly directed, but also at the expense and to the detriment of the many, for whose benefit all legislation should be, in a republican form of government, framed and devised. This kind of legislation should receive no encouragement at the hands of the courts, and only upheld when it is strictly within the legitimate power of Congress, or the state or municipal Legislatures."

In that case the court held as a matter of law that $10 a day was unreasonable.

It is true that ordinarily the question of reasonableness or unreasonableness of the sum required as a license is one of fact, to be decided from evidence; but when the sum required is manifestly out of all proportion the matter becomes a question of law. Ten dollars a day is $300 a month, or $3,650 a year. Said sum will employ three policemen, at $3.35 a day each, to accompany the peddler for every day he plies his trade. It requires no particular acumen to discern that the imposition of such sum is not for the purposes of regulation.

The ordinance in this case is held invalid. The case is dismissed, the defendant is discharged, and his bondsmen are exonerated.