ANSON BLAKE

*v.*

JAMES F. FASH.

1. EVIDENCE — *admissibility of secondary — to prove contents of a deed which had been voluntarily destroyed.* Where a party has voluntarily destroyed a written instrument, he cannot prove its contents by secondary evidence, unless he repels every inference of a fraudulent design in its destruction.

2. The general rule is, that the highest and best evidence of which the case is susceptible must be produced.

3. DEED — *when it takes effect.* A deed takes effect from its delivery, and the presumption is, that it was delivered on the day of its date.

4. EVIDENCE — *explaining date of a deed.* Parol evidence is admissible to contradict the date of a deed, as not the date of its delivery; the date of the instrument not being essential to its operation.

5. ESTOPPELS — *in pais* — *relating to realty* — *cannot be asserted in a court of law.* Estoppels *in pais* relating to real estate, cannot be made available in a court of law.

APPEAL from the Circuit Court of Marshall county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

The opinion states the case.

Messrs. WILLIAMSON & McCOY, for the appellant.

Messrs. LELAND & BLANCHARD, and Mr. H. B. HOPKINS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment, brought in the Peoria Circuit Court, and by change of venue taken to Marshall county, wherein Anson Blake was plaintiff and James L. Fash defendant, and a verdict and judgment for the plaintiff.

To reverse this judgment, the defendant has brought this appeal and assigned various errors, upon which the appellant makes three principal points. First, that it was error to allow the appellee to prove the contents of the lost deed from H. W. Sargent to Ann Davis; second, that the appellee is estopped from setting up his title; and, third, that the court improperly admitted in evidence certain tax receipts, letters of Washington Corkle and the copy of an undelivered deed of Ann Davis to Bishop Chase.

Both parties claim title through Henry W. Sargent.

In 1840, Sargent conveyed the land in controversy to Ann Davis. It appears that the appellee was her son-in-law, having the general management of her business, which was of such a nature as to require an office to be kept in which to transact it, she being the owner of considerable real estate and possessed of ample means. In 1843, appellee was declared a bankrupt by the District Court of the Southern District of New York,

where these parties resided. In October, 1847, appellee made application to Sargent for a deed to him for the land, stating that he had purchased it of Mrs. Davis; that the deed to her had not been recorded, and requested Sargent to take it back and make a deed direct to appellee, which Sargent hesitated to do unless he could be advised by his attorney that it was right, and on such advice being given, on the 6th of October, 1847, Sargent received back his deed and destroyed it, and made and delivered one to appellee, dating it back to October 1, 1840, the date of the deed to Mrs. Davis. Appellee put his deed on record October 29, 1847.

The rule in regard to secondary evidence of this character is understood to be this : if a party has voluntarily destroyed a written instrument, he cannot prove its contents by secondary evidence unless he repels every inference of a fraudulent design in its destruction. The general rule is, that the highest and best evidence of which the case is susceptible must be produced. The production of the original instrument fulfills this rule, and if it exists it must be produced, in order, as Lord COKE said, that the court may give a right construction to it from the words, and to see that there are no material erasures or interlineations, or conditions, or limitations, or power of revocation.

We think the proof, in this case, repels any idea of a fraudulent design in the destruction of the deed to Ann Davis, and the execution of the deed to appellee. Who was to be defrauded? Not the appellant, for he had then no interest in the land, either present or prospective, for such interest as he has now was not obtained until 1854. Not Ann Davis, for she, in fact, conveyed the land to appellee, in 1855. We are at a loss to perceive on what grounds fraud can be imputed, and, that being repelled, secondary evidence was admissible to prove the contents of the deed, which was done by the testimony of Sargent, and of Anson Blake, Jr., who had made a copy of the deed to Ann Davis in October, 1840.

The second point made sets up a defense in the nature of an equitable estoppel. The appellant contends, that, inasmuch

as appellee received and put on record a deed bearing date October 1, 1840, he gave the world to know he had title by that deed, on that day, and that a party purchasing by the record ought to be protected.

As a general principle, a deed does not take effect from its date, but from its delivery; but the presumption is, it was delivered on the day of its date, and the date may be contradicted as not essential to its operation. It is always competent to show that the date inserted in a deed was not the date of its delivery.

The appellant insists, that, by recording the deed, with its date, appellee declared, in effect, that the deed was delivered to him on that date, and took effect then. This would be undoubtedly correct, in favor of an innocent purchaser, and appellee would be equitably estopped from showing that his deed was not delivered at its date. But this estoppel is simply an equitable right, which cannot be asserted in a court of law under our system of jurisprudence. The legal title is still in appellee, and that must prevail in a court of law. *Miller* v. *Graves*, 38 Ill. 466, and cases there cited.

On the remaining point, the tax receipts were mere makeweights, tending to show that Ann Davis exercised acts of ownership, by paying the taxes on the land subsequent to the unrecorded and destroyed deed from Sargent. We do not think either the tax receipts or the letters of Washington Corkle had any important bearing on the merits of the case, and their admission in evidence could have had no injurious effect upon the appellant. His case turns on the second point made, which we have discussed and disposed of.

The appellee was entitled to recover at law, on the title he exhibited, if the destruction of the deed from Sargent to Ann Davis, of October 1, 1840, did not divest her of her title, for she, on the first of August, 1855, conveyed the land to appellant, and thus a regular chain of title was established. If it did divest her, then taking a deed from Sargent, and antedating it, and placing it upon record, vested the legal title in appellee, and such deed took effect from the day of its delivery. The

appellant, claiming under the decree in bankruptcy of 1843, must, for the reasons we have given, assert in equity such title as he may have obtained thereby, as his right is wholly of an equitable nature.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*