EDGAR Z. PELLS et al.

v.

THE PEOPLE ex rel. Holmgrain, Collector.

*Filed at Springfield January 17, 1896.*

1. PUBLIC IMPROVEMENTS—*effect of reducing width of pavement after confirmation.* An ordinance for a pavement fifty-three feet wide, passed after confirmation of an assessment made under a previous ordinance for a pavement on the same street sixty-one feet wide, is an abandonment of the former proceedings, and requires new estimate, levy of assessment and confirmation.

2. SAME—*how far judgment of confirmation is conclusive.* A judgment of confirmation of a special assessment only concludes land owners from questioning proceedings had prior to such confirmation.

3. SAME—*change of width of pavement defeats judgment for the tax.* The passage of an ordinance for a street pavement of reduced width is a valid objection to a judgment against lands for a delinquent assessment levied under a previous ordinance for the same improvement providing for a wider pavement.

4. SAME—*effect of consent of property owner to narrower pavement.* Consent of a lot owner to the reduction of the width of a pavement from that provided by ordinance does not waive the right to have a new estimate and assessment made for such reduced pavement.

APPEAL from the County Court of Ford county; the Hon. ALEXANDER MCELROY, Judge, presiding.

This is an appeal from a judgment of the county court of Ford county entered on June 2, 1894, upon the application of the county collector, against delinquent lands in that county for the amount of unpaid taxes, etc., due thereon for the year 1893, and ordering sale of same, including certain lots of appellants, as to which objections were filed and overruled. Upon the hearing of the objections, the appellants, Pells and Bogardus, introduced in evidence the proceedings in the county court leading up to and resulting in a judgment rendered on June 19, 1893, confirming the assessment of a special tax upon the lots of appellants for the paving of a street in the city of Paxton. The original ordinance, providing for the improvement, was passed by the city council of Paxton on

March 13, 1893, and amended on April 10, 1893, and again on May 10, 1893.

Sections 1 and 3 of the original ordinance provide, that a part of Market street in Paxton be prepared for the construction of a brick pavement thereon, and set forth the character of the improvement and the kind and quality of the material to be used. Section 2 provides, that said pavement shall be sixty-one feet in width from curb to curb excepting intersections. Section 4 provides for the payment of the cost of the street intersections by general taxation and of the remainder by special taxation of abutting property, and also provides for the division of the special tax on each lot into five installments. Section 5 provides that the special tax be assessed in proportion to the frontage of each tract or lot abutting or fronting on the street. Section 6 provides for the letting of the work to the lowest responsible bidder. Section 7 provides, that three certain persons therein named are appointed to make an estimate of the cost of the improvement, and that the committee on streets and alleys shall advertise for bids requiring guarantees from bidders.

At the meeting of the city council of Paxton, held on May 10, 1893, the committee appointed by ordinance of March 13, made a report of their estimate of the cost of the improvement, estimating the total cost at $16,028.35, of which $2593.35 was to be paid by general taxation and $13,435.00 by special taxation of abutting property; on the same day the report was approved by the council and the city attorney was directed to institute proceedings in the county court to have the assessment made and confirmed, and at the same time the committee on streets and alleys was directed to advertise for bids. In the proceeding in the county court, the special tax against the property of appellants amounted to $2623.23. This assessment was confirmed by the county court at the June term, 1893,—to-wit: on June 19, 1893. Appellants were brought in by publication, but did not appear or

object, and default was entered against them. On July 13, 1893, the committee advertised for bids, requiring them to be delivered on or before August 7, 1893, at noon, and stated in the advertisement that the work was to be completed on or before October 30, 1893, and that each bid must be accompanied by a bond for $5000.00 with sufficient surety. The advertisement referred to the ordinance of March 13, 1893, and its amendments. At the meeting of August 7, 1893, the committee reported that two bids had been received, one from L. C. Barnes and one from Abraham Mayfield. On August 15, 1893, the council instructed the committee to contract with Barnes, in accordance with his bid. Between August 15 and August 21, 1893, certain of the property owners, including appellants, signed a written agreement or consent to the reduction of the width of the pavement from sixty-one feet to fifty-three feet. On August 21, 1893, a contract was made between the city of Paxton and said Barnes, referring to the ordinance of March 13, 1893, and its amendments, reciting the awarding of the contract to Barnes and that the work was to be done under said ordinance as modified by said written agreement or consent of the property owners reducing the width from sixty-one feet to fifty-three feet, and also reciting that the city would protect Barnes against loss by reason of refusal on the part of some of the property owners to sign said agreement. The contract with Barnes not only provided, that the pavement "shall be fifty-three feet wide instead of sixty-one feet wide, as required by ordinance," but also that the time for the completion of the work "shall be extended to December 1, 1893, instead of October 30." September 2, 1893, the committee on streets and alleys reported to the council, that the contract had been drawn and signed and was in the hands of the mayor for approval; and the report of the committee was approved.

On September 7 and 13, 1893, appellants gave notice to the city and to Barnes, that they would on the 15th

and 19th days of that month apply for an injunction restraining the city from entering into the contract with Barnes and from proceeding to collect the special tax levied for the payment of said improvement. The bill for injunction was filed and answered and the injunction applied for, before any work had been done under the contract. The prayer for an injunction was denied.

On the hearing of the objections in the court below, appellee gave in evidence an ordinance passed by the city council of Paxton on September 16, 1893, amending section 2 of the ordinance of March 13, 1893, by which amendment it was provided, that the width of said pavement "shall be fifty-three feet between curbings, except within intersections of cross streets." There is some testimony tending to show, that this was passed at the request of Barnes, the contractor.

The county court overruled all the objections of appellants and entered judgment and order of sale of the property to which ruling appellants excepted. The judgment was for the full amount of the first installment of the assessment made for the construction of a pavement sixty-one feet wide, together with interest and costs. It is from this judgment that the present appeal is prosecuted.

E. C. GRAY, and M. H. CLOUD, for appellants:

Had the change in the width of the pavement been made before this confirmation, its validity could have been questioned in that proceeding, and if held valid, the court would have modified the assessment to conform to the change in the amount of improvement to be made. *Jefferson County* v. *Mt. Vernon*, 145 Ill. 80.

The city was attempting to collect for work never performed. *Dorathy* v. *Chicago*, 53 Ill. 79.

The ordinance providing for the making of a local improvement must specify the nature, character, locality and description of such improvement. 1 Starr & Curtis' Stat. 493, par. 135.

If this requirement is departed from in any substantial particular the proceeding is void. *Davis* v. *Litchfield,* 145 Ill. 313; *Carlyle* v. *County of Clinton,* 140 id. 512; *Kankakee* v. *Potter,* 119 id. 324; *East St. Louis* v. *Albrecht,* 150 id. 506; *San-Francisco* v. *Kirk,* 7 Cal. 419; *Gage* v. *Chicago,* 143 Ill. 157.

Any deviation from this requirement, however slight, becomes to the property owner a substantial and material change. *Rossiter* v. *Lake Forest,* 151 Ill. 494.

Contracts must be let in accordance with the statutes and ordinances governing. 10 Am. & Eng. Ency. of Law, p. 293, sec. 4; 15 id. p. 1086, sec. 3; p. 1087, note 1; p. 1093, sec. 4; *Kenney* v. *Jersey City,* 47 N. J. L. 449; 11 Am. & Eng. Corp. Cases, 309; *Dickerson* v. *Poughkeepsie,* 11 N. Y. 1.

The law requires that every prerequisite to the exercise of such a power, as stated in the statute, must actually precede its exercise. *Williams* v. *Peyton's Lessee,* 4 Wheat. 79.

COOK & MOFFETT, and H. H. KERR, for appellee:

All questions as to the validity of this assessment have been settled by the judgment confirming it, and can not now be investigated. They are *res judicata. People ex rel.* v. *Brislin,* 80 Ill. 423 ; *Lehmer* v. *People ex rel.* id. 601 ; *Railway Co.* v. *People ex rel.* 83 id. 467; *Scott* v. *People ex rel.* 142 id. 291 ; *Andrews* v. *People ex rel.* 84 id. 28; *Railway Co.* v. *People ex rel.* 120 id. 104 ; *Clark* v. *People ex rel.* 146 id. 348.

In *Ricketts* v. *Hyde Park,* 85 Ill. 110, the court held that the fact that some changes are made in the character of the improvement from that required in the ordinance providing for the same, is no defense to a special assessment to pay for the same. This objection, if tenable, is to be availed of by injunction, before the work is completed. *White* v. *Alton,* 149 Ill. 626; Cooley on Taxation, 468.

If the proper authorities have passed upon the question and accepted the work as satisfactory, the acceptance must be conclusive. There cannot and ought not to be an appeal to court or jury. Cooley on Taxation, 671.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In this case, it appears, from the proceedings introduced in evidence, that the ordinance of March 13, 1893, provided for the paving of a part of Market street in the city of Paxton to a width of sixty-one feet. The committee appointed by the ordinance to estimate the cost of the improvement estimated the cost of constructing a pavement sixty-one feet wide. The assessment, which was confirmed by the county court on June 19, 1893, was an assessment for the cost of a pavement sixty-one feet wide upon the lots of the abutting property owners according to frontage. Subsequently, on September 16, 1893, the city council passed an ordinance amending the ordinance of March 13, 1893, and by the amendment reduced the width of the pavement from sixty-one feet to fifty-three feet, being a reduction of eight feet.

It is clear, that the cost of paving a street sixty-one feet wide will be more than the cost of paving a street fifty-three feet wide. The ordinance of September 16, 1893, made no provision for estimating the cost of the pavement as reduced in width, nor was any reduction made in the original assessment. By the judgment of the county court confirming the assessment as originally made, appellants are required to pay the cost of paving a street sixty-one feet wide, when, as matter of fact, the street, which the common council finally ordered to be paved, and for the paving of which they made a contract, was only fifty-three feet wide.

The main objection, made by appellants to the entry of judgment and order of sale by the county court, upon the application of the county collector, for the special tax for paving Market street against their lots, is, that they were assessed for making a larger improvement than was contracted for by the city, and for a larger improvement than was actually constructed.

A valid ordinance lies at the foundation of a proceeding to construct a public improvement by special assessment or special taxation. The first step to be taken in making such an improvement is the passage of an ordinance specifying its nature, character, locality and description. The improvement cannot be paid for by special taxation or special assessment, unless an ordinance has been passed which authorizes it. (*City of Carlyle* v. *County of Clinton*, 140 Ill. 512; *Davis* v. *City of Litchfield*, 155 id. 384). In the case at bar, the ordinance which lies at the foundation of the assessment against the property of appellants is the ordinance of March 13, 1893, providing for paving a street sixty-one feet wide, and directing an estimate to be made of the cost of paving a street sixty-one feet wide. The ordinance, as amended on September 16, 1893, provided substantially for another and different improvement, and it not only contained no provision for an estimate of the cost of the improvement as changed, but it also failed to make any order for proceedings in the county court to assess a special tax for the payment of such cost. Such order and provision were, however, contained in the first ordinance, and must be regarded as applying to the amended ordinance.

Section 20 of article 9 of the City and Village act (1 Starr & Cur. Stat. p. 493,) provides, that "the city council or board of trustees shall appoint three of its members, or any other three competent persons, who shall make an estimate of the cost of the improvement contemplated by such ordinance." The amendatory ordinance of September 16, 1893, by reducing the width of the pavement from sixty-one feet to fifty-three feet, made such a radical change in the character and description of the improvement, that the appointment of persons to make an estimate of the cost of paving a street fifty-three feet wide, or fresh action by the persons already appointed, became a necessity. The ordinance of September 16 was, in effect, an abandonment of the improvement contemplated

by the ordinance of March 13, and an abandonment of the confirmation of June 19, 1893.    The amended ordinance required a new estimate, a new assessment and a new confirmation.

*First*—It is contended by counsel for appellee, that all questions as to the validity of the assessment are settled by the judgment confirming it, and are to be regarded as *res judicata*, and cannot be investigated in this proceeding, which is an appeal from a judgment of the county court for amount delinquent upon a special tax, and not an appeal from a judgment confirming the special tax against the property of appellants.    We do not regard this contention as having any force when applied to the facts of this case.

The general rule, that, where the court has jurisdiction of the parties and the subject matter in a particular case, its judgment, unless reversed or annulled in a direct proceeding, is conclusive, and not open to collateral attack by the parties thereto or their privies, has been applied by this court to judgments confirming special assessments and special taxes.    (*Clark* v. *People*, 146 Ill. 348, and cases there cited).    But the rule, as applied to such judgments of confirmation, has reference to such objections as may show the invalidity of the proceedings anterior to the application for a confirmation of the assessment.    On a subsequent application for a judgment and order for sale of the premises, the judgment of confirmation only concludes the land owner from questioning any of the proceedings had prior to the confirmation. (*Murphy* v. *People*, 120 Ill. 234).

The last clause of section 39 of article 9 of the City and Village act (1 Starr & Cur. Stat. p. 501,) is as follows: "And, upon the application for judgment upon such assessment, no defense or objection shall be made or heard, which might have been interposed in the proceeding for the making of such assessment, or the application for the confirmation thereof."    It was said in regard to this clause

in *City of Bloomington* v. *Blodgett,* 24 Ill. App. 650: "The meaning of this clause is, that all proper objections and defenses arising subsequently to the confirmation of the assessment, and which could not, therefore, have been interposed in that proceeding, may be set up when the collector seeks a judgment." Here, the advertisement of the committee of the council on streets and alleys for bids for the work; the delivery of the bids to the chairman of that committee, made in accordance with the ordinance of March 13, 1893; the instruction of the council to the committee to contract with Barnes in accordance with his bid; the execution of the contract with Barnes, changing the terms prescribed by the ordinance and embodied in the bid, so as to reduce the width of the paving from sixty-one feet to fifty-three feet, and extend the time for the completion of the work from October 30, 1893, to December 1, 1893, "unless prevented from unavoidable causes;" and the passage of the ordinance of September 16, 1893, providing that "the width of said pavement shall be fifty-three feet between curbing;" all these things occurred subsequently to the confirmation of the assessment, and could not, therefore, have been interposed in the assessment proceeding prior to the judgment of confirmation.

It is said, however, that the application of the county collector for judgment and order of sale is for the purpose of enforcing the judgment confirming the assessment, and that, as the objection here made does not attack the judgment itself, it is not a proper defense. Certainly, matters occurring subsequently to the rendition of the judgment of confirmation, which go to show its annulment, are proper matters of defense upon the application by the collector for judgment and order of sale, just as payment or release may be shown in defense against the enforcement of an ordinary judgment. Section 46 of article 9 of the City and Village act (1 Starr & Cur. Stat. p. 504,) provides as follows: "If any assess-

ment shall be annulled by the city council or board of trustees, or set aside by any court, a new assessment may be made and returned, and like notice given and proceedings had, as herein required in relation to the first; and all parties in interest shall have the like rights, and the city council or board of trustees and court shall perform like duties, and have like power in relation to any subsequent assessment, as are hereby given in relation to the first assessment." The ordinance of September 16, 1893, in connection with the precedent occurrences leading up to it as above specified, virtually annulled the assessment already made. Providing, as it did, for a different improvement, and necessitating a new estimate, assessment and confirmation, it was necessarily inconsistent with the provision for the paving of sixty-one feet as contained in the old ordinance and with what had been done thereunder, and, therefore, operated as an annulment of the old ordinance, so far as the extent and character of the improvement were concerned.

*Second*—It is claimed by appellee, that appellants gave their consent to the reduction of the width of the space to be paved from sixty-one feet to fifty-three feet, and, therefore, are estopped from making the objection that such reduction was made.

After the bid made by Barnes for the paving of sixty-one feet in accordance with the terms of the original ordinance, and before the execution of the contract made by him with the city on August 21, 1893, for the paving of only fifty-three feet, one Charles Bogardus signed a paper, which was also signed by other property owners, consenting and agreeing "that, instead of making said improvement sixty-one feet wide, may reduce the width of the same four feet on each side thereof, leaving the pavement fifty-three feet wide," in the following manner: "Pells & Bogardus." The present appellants, whose lots were specially taxed for this improvement, are Edgar Z. Pells and Hannah W. Bogardus. Charles Bogardus

swears, that he had no power of attorney from appellants to sign this paper as their agent, and that he never saw Pells, or had any communication with him in regard to signing it, before he wrote upon it, "Pells & Bogardus." Whether he had so acted for appellants in relation to this property prior to his signing the paper, as to lead to the conclusion that he was authorized to give their written consent to the change in the width of the improvement, is a matter which is left in doubt by the evidence. We do not deem it necessary to discuss the question of his agency, or to determine the extent of his authority; nor do we deem it necessary to consider the question, whether the filing of the bill for an injunction before any work was done towards the paving of the street operated as a revocation of the consent alleged to have been given for appellants.

We deem it sufficient to say, that consent to the reduction of the width of the pavement eight feet did not imply any consent to the assessment as made. There is nothing in the terms of the paper signed to show, that appellants waived the right to have a new estimate made of the cost of the pavement as reduced, and a new assessment levied to raise the amount of such cost. For aught that appears to the contrary, appellants, even if they gave their consent to the reduction, had no reason to suppose, that they would be required to pay the cost of a pavement sixty-one feet wide instead of the cost of a pavement fifty-three feet wide. After they filed their bill for an injunction, the city passed a new ordinance on September 16, 1893, amending the old ordinance in the matter of the width of the pavement. Appellants had a right thereafter to rely upon the institution by the city of new proceedings under the new ordinance in accordance with the terms and provisions of section 46 as above quoted. The fact, that no new estimate or assessment was made under the ordinance of September 16, 1893, was a matter, which they had no opportunity to set up against

the enforcement of the judgment of confirmation, until the application of the county collector for judgment and order of sale against delinquent lands; nor have they estopped themselves from the right to do so by the act of Charles Bogardus in signing the paper above mentioned.

We are of the opinion, that the objection herein considered, and made by the appellants in the court below, should have been sustained.

Accordingly, the judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.                                    *Reversed and remanded.*