THE CITY OF PAXTON

*v.*

HANNAH W. BOGARDUS *et al.*

*Opinion filed October 19, 1900—Rehearing denied December 11, 1900.*

PRACTICE—*right of city to new trial on reversal of confirmation judgment.* Where a confirmation judgment is annulled, on appeal, and the cause is remanded for further proceedings without specific directions, the city is entitled to another trial before final judgment can be entered, since what is said in the opinion of the court in regard to the weight of evidence applies only to the facts disclosed by the record reviewed, and only the legal principles announced are binding upon the inferior court.

MAGRUDER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. ALEXANDER McELROY, Judge, presiding.

FRANK LINDLEY, A. E. DEMANGE, and ROWELL, NEVILLE & LINDLEY, for plaintiff in error.

CLOUD & MOFFETT, and C. E. BEACH, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

In *Pells* v. *People ex rel.* 159 Ill. 580, a judgment for the sale of certain lots for a delinquent special assessment was reversed because, after the confirmation of the assessment for a pavement sixty-one feet wide and before the making of the improvement, an ordinance was passed reducing the width of the pavement to fifty-three feet, in accordance with which ordinance the improvement was made without a new assessment. Afterward a new assessment was made to pay for the pavement as laid, fifty-three feet wide, but the judgment of confirmation of the latter assessment was reversed by this court in *Pells* v. *City of Paxton*, 176 Ill. 318, because it appeared from the evidence that the contract and the improvement

were made before the passage of the ordinance therefor,
—that is, the ordinance for the pavement fifty-three feet
wide.   The judgment of reversal of this court was as
follows: "That in the record and proceedings aforesaid
and in the rendition of the judgment aforesaid there is
manifest error, therefore it is considered by the court that
for that error and others in the record and proceedings
aforesaid the judgment of the county court in this behalf
rendered be reversed, annulled, set aside and wholly for
nothing esteemed, that this cause be remanded to the
county court for further proceedings in accordance with
the views expressed in the opinion filed in this cause."
When the suit was re-docketed in the county court the
city of Paxton entered its motion to set the case for trial,
and the defendants in error, who were objectors to the
confirmation of the assessment upon their lots, entered
their several cross-motions for judgment denying confir-
mation of the assessment, in conformity with the opinion
and mandate of this court.   The county court overruled
the motion of the city and sustained the cross-motions,
and entered judgment refusing confirmation and dismiss-
ing the petition.   The city of Paxton then sued out this
writ of error.

We agree with the city in its contention that it was
error for the court to sustain the cross-motions and to
dismiss its petition without a trial.   The petitioner was
entitled to another trial after its former judgment was
reversed by this court and the cause remanded for fur-
ther proceedings.   While such further proceedings must
be in accordance with the principles announced in the
opinion filed on the former appeal, still, as the former
judgment was annulled and set aside and the cause was
remanded for further proceedings, the petitioner is enti-
tled to another trial before a final judgment can be ren-
dered against it.   No directions were given by this court
to dismiss the petition or to enter judgment of any kind
against the petitioner, but only for further proceedings

conforming to the legal principles stated in the opinion. Such further proceedings in such a case implied another trial. If the petitioner can prove on another trial that the contract had not been made and the work begun before the passage of the ordinance we see no reason why it should not be permitted to do so. As said in *Burton* v. *Perry*, 146 Ill. 71 (on p. 104): "When the opinion of this court directs the decree of the circuit court to be reversed and the cause to be remanded without directions, what is said in such opinion in regard to the weight of evidence must be understood as applying only to the facts disclosed in the record then under consideration, and only the legal principles therein announced are binding upon the inferior court." See, also, *Green* v. *City of Springfield*, 130 Ill. 515; *West* v. *Douglas*, 145 id. 164; *Cable* v. *Ellis*, 120 id. 136.

For the error indicated the judgment will be reversed and the cause remanded.                 *Reversed and remanded.*

Mr. JUSTICE MAGRUDER, dissenting:

I think the county court did right in sustaining the cross-motions, and refusing confirmation and dismissing the petition. There was nothing else for it to do under the former judgments of this court. This is not a case where the judgment was reversed and the cause remanded without directions. The cause was remanded with directions. Those directions were to take "further proceedings in accordance with the views expressed in the opinion filed in this cause." It was not necessary for this court to direct a dismissal of the petition, because such dismissal was necessarily involved in the directions given. A remandment with directions to proceed in accordance with the views expressed does not require another trial, where the views expressed necessarily lead to the immediate entry of a judgment finally disposing of the case.