THE CITY OF PAXTON

*v.*

HANNAH.W. BOGARDUS *et al.*

*Opinion filed February 18, 1903—Rehearing denied April 10, 1903.*

1. CONTRACTS—*contract presumed to have been delivered on its date.* The presumption is that a contract was delivered on the day of its date, and the burden of proof is upon the party who alleges the contrary.

2. EVIDENCE—*records of municipal body are best evidence of its acts.* The records of a municipal body are the best evidence of its acts, and parol evidence cannot be admitted to explain, enlarge or contradict entries therein made in pursuance of law.

3. SPECIAL ASSESSMENTS—*contract executed before passage of ordinance is invalid.* A contract for the construction of an improvement to be paid for by special assessment, entered into before the passage of the assessment ordinance, is invalid, and cannot be made valid by subsequent passage of an ordinance confirming it.

4. SAME—*legal ordinance lies at foundation of special assessment.* A legal and sufficient ordinance, containing a specification of the nature, character and locality of the improvement, lies at the foundation of every valid special assessment.

5. SAME—*ordinance is the basis for estimate of cost.* The ordinance is the basis for the estimate of cost, and if the ordinance fails to sufficiently specify the nature, character, locality and description of the improvement, neither the original estimate nor a subsequent one can be sustained.

6. SAME—*when work is begun before final passage of ordinance.* Work on a public improvement is begun before the final passage of the ordinance if begun before the passage of an amendment making a material change in the improvement described in the original ordinance.

7. SAME—*a resolution attempting to amend ordinance is invalid.* A resolution of a city council appointing commissioners to estimate the cost of an improvement, passed by way of amendment to the ordinance which omitted such appointment, is invalid.

WRIT OF ERROR to the County Court of Ford county; the Hon. E. B. GOWER, Judge, presiding.

This is a writ of error, sued out from this court for the purpose of reviewing a judgment, entered by the county court of Ford county on January 4, 1902, denying the petition for confirmation of special taxes against the property of defendants in error, Hannah W. Bogardus and W. A. McCulloch, objectors in the court below, and dismissing the petition as to said Bogardus and McCulloch, but sustaining the petition for the confirmation of the special tax against the lot of defendant in error, Frew, one of the objectors below.

The judgment, so entered by the county court, recited that the court had heard the evidence adduced by the respective parties, and found that, at the time the city council of the city of Paxton, petitioner therein, through its duly authorized officers, entered into a certain contract with one L. C. Barnes for the work to be done, for which it was therein sought to assess certain property, belonging to these objectors, abutting upon said improvement, there was not in force any ordinance specifying therein the nature, character, location and description of the improvement as contracted for; also that the contract with L. C. Barnes was executed before the 16th day

of September, A. D. 1893; also that C. H. Yeomans, J. W. Reed and J. H. Nelson, who made the estimate of the cost of the improvement in question, were not appointed by an ordinance of said city council of the city of Paxton, but were appointed by resolution of the said city council on the third day of September, 1896; and it was therefore ordered, adjudged and decreed that objections 22, 27, 28, 29 and 30, made therein on the part of said objectors Bogardus and McCulloch, be and were thereby sustained, and all other objections made by them were thereby overruled; and that the petition of the city for the confirmation of special tax against the lots of Bogardus and McCulloch, against which tax the objectors had objected, should be denied, and the petition as to them dismissed at petitioner's cost; and it was ordered, adjudged and decreed that the petition of the city for confirmation of special tax against a certain lot, belonging to Frew, to-wit, lot 6 in block 30 in Railroad addition to Paxton, should be sustained.

Objection 22, referred to in the judgment, is that, at the time of the making of the Barnes contract, there was no ordinance in force specifying therein the nature, character, location and description of the improvement, as described in the Barnes contract, nor was there such an ordinance in force when the improvement was made. Objection 27 is that no committee was legally appointed by the city council to estimate the cost of said improvement. Objection 28 is that no valid and sufficient estimate was made of the cost of the said improvement by any committee regularly appointed by the city council. Objection 29 is that the assessment of the cost of the improvement, as made, is indefinite and insufficient to constitute the basis, upon which an assessment of the cost of such improvement could be made. Objection 30 is that the assessment was made upon the basis of a pretended estimate made December 7, 1896, whereas no legal appointment of a committee to make such estimate was

ever made by the city council, and no estimate was made under any valid appointment of a committee.

Among the objections, made by the defendant in error, Frew, in the county court were these, to-wit, that the proceedings at said regular meeting on December 7, 1896, to reconsider the proceedings of said special meeting of September 3, 1896, and the proceedings at the regular meeting September 7, 1896, are void; and that all the proceedings in this matter, adopted at the December council meeting of 1896, are the basis of this proceeding in the county court and are void, and hence that the county court cannot acquire jurisdiction.

Section 2 of the ordinance of September 16, 1893, was as follows: "The width of said pavement shall be fifty-three feet between curbing except within the intersection of cross-streets. The width of said pavement within the intersection of State street shall be the full width of said Market street, and in the east half of Market street within said intersection of said State street, said pavement shall extend north and south a distance of twenty-five feet on each side of the center line of said street, and in the west half of said Market street within said intersection of said State street said pavement shall extend north and south a distance of twenty feet on each side of the center line of said State street. The width of said pavement within the intersection of Pells street shall be of the full width of said Market street and shall extend north and south a distance of twenty feet on each side of the center line of said Pells street. Before said pavement is laid there shall be set along each side of the same, as herein laid out, a stone curbing connected at the corners of said intersecting streets, twenty-four inches deep by four inches thick, with intersection corners rounded to the radius of three feet."

An ordinance was passed on October 4, 1893, amending said section 2 of the ordinance of September 16, 1893, so that by the amendment of October 4, 1893, said section

was made to read as follows: "The width of said pavement shall be fifty-three feet between curbing. The width of said pavement within the intersections of State and Pells streets shall be the full width of said Market street and said pavement shall extend north and south a distance of twenty-six and one-half feet on each side of the center line of said intersecting streets.` Before said pavement is laid there shall be set along each side of the same, as herein laid out, a stone curbing connected at the corners of said intersecting streets, twenty-four inches deep by four inches thick, with intersection corners rounded to the radius of three feet."

R. L. SCHNEIDER, City Attorney, ROWELL, NEVILLE & LINDLEY, and A. E. DeMANGE, for plaintiff in error.

CLOUD & MOFFETT, and C. E. BEACH, for defendants in error Bogardus and McCulloch; CALVIN H. FREW, *pro se.*

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This case has already been before this court three times, and the decisions of this court in the same will be found in the following reported cases, to-wit: *Pells* v. *People,* 159 Ill. 580; *Pells* v. *City of Paxton,* 176 id. 318; *City of Paxton* v. *Bogardus,* 188 id. 72. A reference to these cases will show what facts were found, and what questions were decided by the court, so that a repetition of such facts and questions is here unnecessary.

By the judgment of this court, entered in the case of *City of Paxton* v. *Bogardus,* 188 Ill. 72, the judgment therein sought to be reviewed was reversed, and the cause was remanded. The opinion therein filed shows, that the judgment was so reversed because the county court had dismissed the petition of the city without a trial, and it was there said that such dismissal of the petition without a trial was erroneous. The opinion shows that the object of the reversal and remandment was to enable the

petitioner therein, to-wit, the city of Paxton, to prove, if it could upon another trial, that the contract with Barnes "had not been made and the work begun before the passage of the ordinance." It seems to be conceded by both parties, certainly by the plaintiff in error, that, upon the remandment of the cause, by the terms of the judgment entered in the case of *City of Paxton* v. *Bogardus, supra,* the only questions involved were two questions of fact, namely: first, was the contract between the city and Barnes entered into before the passage of the ordinance referred to in the opinion; and second, was the work of constructing the pavement begun before the final passage of that ordinance?

*First*—Plaintiff in error has introduced certain testimony for the purpose of showing that the contract with Barnes was not made before the passage of the amendatory ordinance, adopted by the city council of Paxton on September 16, 1893. This testimony consists of the oral evidence of certain city officials, and certain letters and telegrams passing between such officials and the contractor, Barnes. In the statement of facts, preceding the opinion in the case of *Pells* v. *People, supra,* it is said: "September 2, 1893, the committee on streets and alleys reported to the council that the contract had been drawn and signed and was in the hands of the mayor for approval; and the report of the committee was approved." In *Pells* v. *City of Paxton, supra,* it was also said that the contract for constructing a pavement fifty-three feet wide was entered into before any ordinance was passed, authorizing the construction of a pavement fifty-three feet wide, and that such construction was actually begun before the passage of any ordinance providing for the construction of a pavement fifty-three feet wide. Upon the new evidence, introduced upon the last trial before the county court, that court has found, in its judgment here sought to be reviewed, that the contract with Barnes was executed before the 16th day of September, 1893. We are

of the opinion that the evidence sustains the finding so made by the county court.

The contract with Barnes was dated August 21, 1893. The presumption is, that the contract was delivered on the day of its date, and the burden of proof is upon the party, alleging that it was not delivered or executed upon the day of its date. (*Blake* v. *Fash*, 44 Ill. 302; *Lake Erie and Western Railroad Co.* v. *Whitham*, 155 id. 521). *Prima facie*, therefore, the contract with Barnes was executed and delivered to him on the day of its date. Moreover, a record of the proceedings of a special meeting of the common council of the city of Paxton, held on September 2, 1893, was introduced in evidence. This record shows, that the mayor of the city and all the aldermen were present upon September 2, 1893, and that the chairman of the committee on streets and alleys "reported that the duty, enjoined upon his committee at the last meeting, had been attended to, and the contract for the pavement had been drawn and signed, and that the same was in the hands of the mayor for approval." Minutes also were introduced in evidence of a regular meeting held on October 2, 1893, showing the approval by the council of the minutes of the meeting of September 2, 1893. It thus appears from the record of the proceedings of the council itself, that the contract with Barnes dated August 21, 1893, had been drawn and signed prior to September 2, 1893. Section 12 of article 3 of the City and Village act requires that the city council "shall keep a journal of its own proceedings." (1 Starr & Curt. Ann. Stat.—2d ed.—p. 685). Section 10 of article 6 of the City and Village act provides, that the city clerk shall attend all meetings of the city council "and keep a full record of its proceedings in the journal;" and that copies of all papers duly filed in his office, and transcripts from the journals and other records and files of his office, certified by him under the corporate seal, shall be evidence in all courts in like manner as if the originals were

produced. (1 Starr & Curt. Ann. Stat.—2d ed.—pp. 724, 725). No attempt was made upon the trial below to show that the record of the proceedings of the city council, so produced and introduced in evidence, was wrong, or that any fraud had been used in making it up. In *Ryder Estate* v. *City of Alton*, 175 Ill. 94, we said: "Where an officer of a municipal corporation, having charge of the records, produces the same as the record, the same can be attacked only for fraud." Indeed, it is a general rule that parol evidence cannot be admitted either to explain, enlarge or contradict a record of the proceeding of a municipal body where the entry of record is made in pursuance of law; and the books of a municipal body are the best evidence of its acts. (1 Dillon on Mun. Corp. —2d ed.—sec. 235; *Owings* v. *Speed*, 5 Wheat. 420). In the case at bar, the oral and other evidence, introduced by plaintiff in error upon the trial below, if it was competent at all, was not sufficient to overcome the presumption already referred to, or to establish the incorrectness of the statement upon the record of the proceedings of the council as to the date of the signing of the contract by the contractor. At least two of the aldermen, who were present on September 2, 1893, when the report of the committee on streets and alleys was made to the council and was approved, are put upon the stand as witnesses to contradict the statement in their own record. Their testimony, however, is indefinite and uncertain as to their recollection of the date of the execution of the contract. One of them says: "I was not present and do not know just when it was signed." Another one says that he does not know personally when the contract was signed, and that all the knowledge he has upon the subject is from information and from the proceedings of the council. All the other evidence, introduced for the purpose of contradicting the showing of the record, is equally indefinite and uncertain. The testimony shows that the contract was mailed to Barnes at Bloomington, Illinois, and was

returned to Paxton, and was in the hands of the city clerk and by him filed in his office on August 23, 1893. It was in the hands of the mayor on September 2, 1893, and was certainly signed by him before September 7, 1893. Therefore, under the new evidence introduced upon the trial below, it must be held that this contract was executed before September 16, 1893, if that is to be regarded as the real date of the final passage of the ordinance in question.

It thus appears that the contract of August 21, 1893, with Barnes was entered into at a time when there was no ordinance which could constitute a basis for it, and it was therefore invalid, nor could it be made valid by the subsequent passage of an ordinance confirming it. In other words, the contract here was entered into, not only before the ordinance of September 16, 1893, as amended on October 4, 1893, was passed, but before the original ordinance of September 16, 1893, was passed, without the amendment of October 4, 1893. A legal and sufficient ordinance lies at the foundation of every valid special assessment, and of every proceeding for special taxation. Such ordinance must contain a specification or description of the nature, character and locality of the improvement. It is from the description of the proposed improvement in the ordinance that the commissioners obtain the data for estimating the cost of the improvement. The ordinance "is the basis of all contracts for the construction of the improvement, and must contain the data for estimating its cost." (*City of Kankakee* v. *Potter*, 119 Ill. 324; *Gage* v. *City of Chicago*, 143 id. 157; *City of Alton* v. *Middleton's Heirs*, 158 id. 442; *Brewster* v. *City of Peru*, 180 id. 124; *Young* v. *People*, 196 id. 603). Where the ordinance fails to specify the nature, character, locality and description of the improvement, neither the original nor a subsequent estimate can be upheld. If the ordinance is the basis of the contract for the construction of the improvement, the contract must necessarily follow

the adoption of the ordinance, and not precede its adoption. Here, when the contract was made, no ordinance providing for the construction of a pavement fifty-three feet wide had been passed.

As was well said in *Clark* v. *City of Chicago*, 155 Ill. 223, "the first step to be taken in making a local improvement is the passage of a valid ordinance. The ordinance lies at the foundation of the proceeding, (*City of East St. Louis* v. *Albrecht*, 150 Ill. 506,) and no petition to assess the cost of the improvement against the several parcels of land to be benefited can be filed until the estimate of such cost has been made and reported to the council by the persons appointed for that purpose under the ordinance. (*Jones* v. *Town of Lake View*, 151 Ill. 663; *Goodwillie* v. *City of Lake View*, 137 id. 51). The estimate must, of course, be made under the ordinance, since the statute requires that the nature, character, locality and description of the improvement shall be specified in the ordinance. It could hardly be contended that, on filing its petition, the city would be authorized to adopt some report of the estimated cost made under some other ordinance. The statute requires that the petition shall recite the ordinance and the report of the commission; but in this case the report recited does not appear to have been made under the ordinance recited in the petition." In the case at bar, the estimate of the cost of the pavement of a street fifty-three feet wide was not made and reported to the council by persons appointed for that purpose under the ordinance of September 16, 1893, as originally passed, or under that ordinance as amended on October 4, 1893. If any commissioners were appointed to make the improvement under that ordinance, it was done by resolution, not only three years after the ordinance was passed, but three years after the improvement itself was finished. We found in *Pells* v. *City of Paxton, supra,* (at p. 326) that Barnes "did not construct such pavement by virtue of and under the amended ordinance of September 16, 1893."

*Second*—The second question is as to the date when
the work of constructing the pavement was begun. By
the terms of the contract of August 21, 1893, executed
by Barnes and the city, Barnes covenanted and agreed
to commence the work of making the improvement on or
before September 1, 1893. Plaintiff in error introduced
oral testimony, tending to show that the work was not
commenced until after September 16, 1893. But, the ques-
tion is not merely whether or not the work was begun
before the passage of the ordinance of September 16, 1893,
but whether it was begun before the passage of the ordi-
nance of September 16; 1893, as amended on October 4,
1893. The ordinance of September 16, 1893, was not com-
plete and final until after the amendment of October 4,
1893. As will be seen by reference to the two ordinances
in the statement which precedes this opinion, the pave-
ment, by the terms of the ordinance of September 16,
1893, was to extend north and south a distance of twenty-
five feet on each side of the center line of a certain street,
and a distance of twenty feet on each side of the center
line of a certain other street, while, by the terms of the
ordinance as amended on October 4, 1893, the pavement
was to extend north and south a distance of twenty-six
and one-half feet on each side of the center line of said
intersecting streets. Therefore, by the amendment of
October 4, 1893, a material change was made in the or-
dinance of September 16, 1893, and the latter ordinance
was not complete nor final until the said amendment was
made. Now, the testimony of the plaintiff in error tends
to show that the construction of the improvement was
begun about a week after September 16, 1893, or, as some
of the witnesses say, about the latter part of Septem-
ber, 1893; and, if so, it was begun before the ordinance of
September 16, 1893, was finally amended, and adopted,
as amended, on October 4, 1893. The second question,
then, involved in the last trial of the case, must be an-

swered in the affirmative, that the improvement was be-
gun before the final passage of the ordinance.

In *City of Paxton* v. *Bogardus, supra*, it was said that
the further proceedings to be taken upon the reversal of
the case by that decision were to be in accordance with
the principles announced "on the former appeal," that is
to say, in the case of *Pells* v. *City of Paxton, supra*. One of
the principles, announced in *Pells* v. *City of Paxton, supra*,
is: "A city council has no right to make an improvement,
and then, after the improvement is made, pass an ordi-
nance providing for the making of the improvement. The
passage of the ordinance must precede the making of the
improvement, and the making of the improvement and
all steps thereafter are absolutely void, unless preceded
by a valid ordinance." No commissioners were appointed
to make any estimate of the cost of the new improvement
fifty-three feet wide in the ordinance of September 16,
1893, as originally passed, or as amended on October 4,
1893. No commissioners were appointed to make any esti-
mate until September 3, 1896, or December 7, 1896, three
years after the improvement was finished.

· The resolution of September 3, 1896, as set out in
*Pells* v. *City of Paxton, supra*, was amended on December
7, 1896, by inserting in the first paragraph thereof, the
words, "amended October 4, 1893," after the words,
"amended September 16, 1893." It has already been held
by this court that the resolution of September 3, 1896, as
originally passed and as amended on December 7, 1896,
was invalid. It provided for the appointment of com-
missioners to estimate the cost of an improvement, which
had already been completed three years before it was
passed. Viewed as an amendment to the ordinance of
March 13, 1893, or as an amendment to the ordinance
of September 16, 1893, it is invalid because it is a mere
resolution, and not an ordinance. It has always been the
practice to embody in the ordinance, providing for a lo-
cal improvement, a provision appointing commissioners

to estimate the cost of the improvement. The making of a local improvement must be provided for by an ordinance prescribing whether the improvement is to be made by special assessment, or by special taxation of contiguous property, or general taxation, or both. The appointment of commissioners to make an estimate of the cost of the improvement would seem to be as much a part of making the improvement as any other specification therein of the nature, character, locality or description of the improvement. But, whether or not the appointment of commissioners to estimate the cost can be done by resolution, as well as ordinance, the resolution of September 3, 1896, as amended on December 7, 1896, is invalid as an attempted amendment of a previous ordinance, appointing commissioners to estimate the cost of the improvement. "An ordinance cannot be amended, repealed or suspended by a resolution. The act which amends, modifies or repeals a law should be of equal dignity with the act which enacts or establishes the law. A resolution or order is not a law, but merely the form in which the legislative body expresses an opinion. An ordinance prescribes a permanent rule of conduct or government, while a resolution is of a special and temporary character. Acts of legislation by a municipal corporation, which are to have continuing force and effect, must be embodied in ordinances, while mere ministerial acts may be in the form of resolutions." (*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 174 Ill. 439; *Village of Altamont* v. *Baltimore and Ohio Southwestern Railway Co.* 184 id. 47; *People* v. *Mount*, 186 id. 560).

The defendant in error, Frew, has filed cross-errors; and while the objections filed by him in the county court are not as full as those filed by the other defendants in error, Bogardus and McCulloch, yet they are sufficient to call in question the validity of the resolution of September 3, 1896, as amended on December 7, 1896. The validity of this whole proceeding depends upon the validity

of that resolution, whether it be considered as an original resolution, or as an attempted amendment to one or more of the previous ordinances. As that resolution has been heretofore and is herein held to be invalid, we are of the opinion that the county court erred in overruling the objections of the defendant in error, Frew, and in sustaining the petition of the city for the confirmation of the special tax against his lot. The court below decided correctly in denying the petition as to the lots of the defendants in error, Bogardus and McCulloch, and in dismissing the petition as to their lots, but it should also have denied the petition and dismissed the same as to the lot of defendant in error, Frew.

Accordingly, the judgment of the county court is affirmed in so far as it dismissed the petition of the city as to the lots of defendants in error, Bogardus and McCulloch, but is reversed in so far as it sustained the petition of the city as to the lot of the defendant in error, Frew; and the cause is remanded to the court below with directions to amend its judgment by denying the petition of the city, and dismissing the same as to the lot of the defendant Frew.

*Partly affirmed and partly reversed*
*and remanded with directions.*